UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| KENNETH STEELE, | ) | |
|---|---|---|
| *Petitioner*, | ) | |
| v. | ) | No. 1:07-CV-165 |
| | ) | *Chief Judge Curtis L. Collier* |
| CHERRY LINDAMOOD, WARDEN | ) | |
| *Respondent*. | ) | |

## MEMORANDUM

Kenneth Steele ("Steele") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Court File No. 1). This matter is presently before the Court upon motion of counsel for the Respondent to dismiss without prejudice for failure to exhaust state remedies (Court File No. 10).

In response to the Court's Order, Cherry Lindamood ("Respondent") filed a motion to dismiss without prejudice along with a supporting memorandum of law and advised Steele currently has a petition for writ of error coram nobis pending in state court (Court File Nos. 10 & 11). After reviewing the record and the applicable law, the Court concludes that the motion to dismiss (Court File No. 10) will be **GRANTED** and the § 2254 petition (Court File No. 1) will be **DISMISSED** as prematurely filed.

After Steele filed his petition, the Court ordered Respondent to file a response (Court File No. 4). For the reasons stated in the State's response and supporting documents (Court File Nos. 10 & 11, and Appendixes), the Court determines Steele has failed to exhaust his state remedies.

As a general rule, a federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254; *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995); *Clemmons v.*

*Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Cohen v. Tate*, 779 F.2d 1181, 1184 (6th Cir. 1985). Thus, absent unusual or exceptional circumstances, a district court should dismiss a petition filed pursuant to 28 U.S.C. § 2254 if it contains unexhausted claims. *O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996), *cert. denied*, 519 U.S. 1079 (1997).

An application for a writ of habeas corpus will not be granted unless the applicant has exhausted the remedies available in state court. 28 U.S.C. § 2254. The Supreme Court has interpreted this rule as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Once his federal claims have been raised in one complete round of state review, the exhaustion requirement is satisfied. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Therefore, unless an exception applies, failure to comply with the exhaustion rule as to only one of the claims will normally render the entire petition for federal habeas relief a "mixed petition" which must be dismissed if a remedy is still available for the prisoner to pursue. *Rose v. Lundy*, 455 U.S. at 519-521.

It appears from the record Steele has failed to exhaust his available state court remedies by fairly presenting all of his claims to the state courts. According to the States' response (Court File No. 10 & 11), and Steele's filings, he filed a motion to reopen his state post conviction petition in January of 2003, alleging he possessed test results from the Federal Bureau of Investigations "which positively confirm" he is "totally innocent of [two of] the alleged rapes"(Court File No. 2, Attachment #1). On June 23, 2003, the state court treated the motion as a petition for writ of error coram nobis. (Court File No. 11). Although it appears that the case languished in state court for almost five years, the record reflects it was scheduled for a hearing on February 6, 2008 (Court File No. 11-7, Affidavit). Steele has not responded to the Respondent's motion to dismiss. Thus it appears from the record that Steele is still pursuing state remedies on the claims he has raised in the

instant habeas petition.  Considering the present posture of the case in state court, Steele has not alleged any unusual or exceptional circumstances warranting review of his habeas corpus petition nor are any such circumstances apparent from the record.  Additionally, this Court has not been notified that the pending state case was resolved.  Accordingly, an order will enter **DENYING** Steele's petition for federal habeas relief without prejudice.

        SO ORDERED.

        ENTER:

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**